United States District Court
Southern District of Texas
**ENTERED**
June 29, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PROBIR KUMAR BONDYOPADHYAY, *et al.*, <br><br> Plaintiffs, <br> VS. <br><br> THE BDF GROUP, <br><br> Defendant. | § <br> § <br> § <br> § <br> §     CIVIL ACTION NO. 4:22-CV-2428 <br> § <br> § <br> § <br> § <br> § |

## MEMORANDUM OPINION AND ORDER

This is a wrongful foreclosure case. Before the Court are motions to dismiss filed by Defendants BDF Law Group ("BDF"), Michael John Burns ("Burns"), and Nathan Milliron ("Milliron"). Plaintiffs have filed a motion seeking leave to supplement their pleadings in response to Defendants' motions (Dkt. 64), which is **GRANTED**. Defendants' motions to dismiss (Dkt. 35; Dkt. 38)[1] are **GRANTED**.[2] Plaintiffs' claims are **DISMISSED WITH PREJUDICE**, and any other pending motions are **DENIED AS MOOT**.

---

[1] The Court, out of necessity, cites to the dockets of several other cases in this opinion. Docket citations that are enclosed in parentheses and prefaced with the abbreviation "Dkt." are citations to the docket of this case, Southern District of Texas case number 4:22-CV-2428.

[2] Milliron filed a pre-motion conference letter adopting BDF's arguments for dismissal. (Dkt. 41 at p. 2). At a status conference, the Court ordered Plaintiffs to respond to Milliron's letter along with the other defendants' motions. (Dkt. 58). Accordingly, the Court construes BDF's motion as being brought by Milliron as well.

## FACTUAL AND PROCEDURAL BACKGROUND

The *pro se* plaintiffs in this case, Probir Kumar Bondyopadhyay and Madhuri Bondyopadhyay ("the Bondyopadhyays"), took out a home equity loan in 1998. (Dkt. 38-1). After defaulting on the loan, they began a protracted litigation campaign to avoid foreclosure. They have filed at least ten lawsuits—not including this one—in state and federal courts since 2003 and have filed for bankruptcy protection at least five times since 2001. (Dkt. 1 at p. 10; Dkt. 35 at pp. 7–9).

In 2019, The Bank of New York Mellon brought a judicial foreclosure action in Texas state court against the Bondyopadhyays and obtained a summary judgment against them. (Dkt. 1 at pp. 18–19). However, the Bondyopadhyays continued to bring cases of their own in an apparent attempt to avert foreclosure, and in 2021 a Texas state court judge declared them to be vexatious litigants and "prohibited [them] from filing any new *pro se* litigation in the State of Texas without the written permission of the applicable local administrative judge[.]" (Dkt. 35-6). Since the vexatious-litigant order, the Texas courts have denied at least one request by the Bondyopadhyays for permission to file another lawsuit. (Dkt. 35-5). The Bondyopadhyays' home was sold at a foreclosure sale on June 7, 2022. (Dkt. 38-1).

The three defendants in this case are attorneys and law firms who represented several of the entities that owned and/or serviced the Bondyopadhyays' loan. BDF has been a defendant in at least four of the Bondyopadhyays' prior lawsuits. *See* case number 2015-67497 in the 11th Judicial District Court of Harris County, Texas; case number 2017-01064 in the 133rd Judicial District Court of Harris County, Texas; case number 2019-01192 in

the 11th Judicial District Court of Harris County, Texas; Southern District of Texas case number 4:20-CV-3064. All four of those cases were dismissed, two on motions for summary judgment and two on motions to dismiss. (Dkt. 35-1; Dkt. 35-2; Dkt. 35-3). *See* case number 2017-01064 in the 133rd Judicial District Court of Harris County, Texas, order dated May 20, 2019 granting BDF's motion for summary judgment. Burns, who is being sued by the Bondyopadhyays for the first time, represented the mortgage servicer when the Bondyopadhyays' home was sold at the June 7, 2022 foreclosure sale. (Dkt. 38-1). Milliron, who is also being sued by the Bondyopadhyays for the first time, represented The Bank of New York Mellon in its successful 2019 judicial foreclosure action against the Bondyopadhyays. (Dkt. 41-1).

The Bondyopadhyays' pleadings—they have filed several, all of which the Court has considered—are somewhat disjointed in that no specific causes of action are pled and it is not always clear how the named defendants are connected to the pleadings' allegations. In their original complaint, the Bondyopadhyays contend that: (1) their obligation to repay their home equity loan was extinguished by their bankruptcy filings because "Chapter 7 Bankruptcy law, upon conclusion of the process, voids a contract and allows a fresh start[;]" and (2) the Texas state court judge who granted summary judgment for The Bank of New York Mellon in the 2019 judicial foreclosure case violated their due process rights under the United States Constitution. (Dkt. 1 at pp. 5–7, 9–19). In later pleadings, the Bondyopadhyays vaguely allege that their loan was "stolen" through improper securitization and that the foreclosure sale of their home was effectuated through "fraudulent paperwork[.]" (Dkt. 30 at pp. 1–2; Dkt. 43 at pp. 1–2). The Bondyopadhyays

ask the Court to "determin[e] the beneficiary owner" of the asset-backed security into which their loan was pooled in order to "verify" that "the security instrument . . . is a stolen property[.]" (Dkt. 43 at p. 2).

In their motions to dismiss, Defendants argue that the Bondyopadhyays have failed to state a plausible claim and that Defendants are shielded by attorney immunity. (Dkt. 35 at pp. 5, 12–14; Dkt. 38 at pp. 3–4). BDF and Milliron further contend that the Bondyopadhyays' claims are barred by *res judicata* and the *Rooker-Feldman* doctrine. (Dkt. 35 at pp. 6–12). Among their numerous responses to Defendants' motions to dismiss, the Bondyopadhyays have included a supplemental pleading, which the Court has also considered. (Dkt. 64).

## LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests a pleading's compliance with this requirement and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A complaint can be dismissed under Rule 12(b)(6) if its well-pleaded factual allegations, when taken as true and viewed in the light most favorable to the plaintiff, do not state a claim that is plausible on its face. *Amacker v. Renaissance Asset Mgmt., LLC*, 657 F.3d 252, 254 (5th Cir. 2011); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). As the Fifth Circuit has further clarified:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This includes the basic requirement that the facts plausibly establish each required element for each legal claim. However, a complaint is insufficient if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action.
> 
> *Coleman v. Sweetin*, 745 F.3d 756, 763–64 (5th Cir. 2014) (quotation marks and citations omitted).

Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle* [*v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *see also Payton v. United States*, 550 Fed. App'x 194, 195 (5th Cir. 2013) (affirming dismissal of *pro se* complaint that "failed to plead with any particularity the facts that gave rise to [the plaintiff's] present cause of action") ("[T]he liberal *pro se* pleading standard still demands compliance with procedural standards.").

Additionally, allegations of fraud must be pled with particularity under the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 9(b) "supplements" Rule 8 and requires a plaintiff who is pleading fraud to allege "the time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what

that person obtained thereby." *IAS Services Group, L.L.C. v. Jim Buckley & Associates, Inc.*, 900 F.3d 640, 647 (5th Cir. 2018) (quotation marks and brackets omitted). Rule 9 allows conditions of the mind, such as scienter, malice, intent, or knowledge, to be averred generally; but "case law amply demonstrates that pleading scienter requires more than a simple allegation that a defendant had fraudulent intent." *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994). "To plead scienter adequately, a plaintiff must set forth specific facts that support an inference of fraud." *Id*. Rule 9(b)'s "ultimate meaning is context-specific[,]" but at bottom it is intended to "provide defendants with fair notice of the plaintiffs' claims, protect defendants from harm to their reputation and goodwill, reduce the number of strike suits, and prevent plaintiffs from filing baseless claims and then attempting to discover unknown wrongs." *IAS Services Group*, 900 F.3d at 647 (quotation marks and brackets omitted). "State law fraud claims are subject to the heightened pleading requirements of Rule 9(b)." *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550–51 (5th Cir. 2010).

When considering a motion to dismiss, a district court generally may not go outside the pleadings. *Id*. at 546. The court's review is limited to the complaint; any documents attached to the complaint; any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint; and matters subject to judicial notice under Federal Rule of Evidence 201. *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022); *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022).

## ANALYSIS

The Court now turns to the pending motions to dismiss.

—*Rule 8 and Rule 9(b)*

Defendants argue that the Bondyopadhyays' pleadings fail to satisfy the pleading standards set by Rule 8 and Rule 9(b). The Court agrees.

### i. The bankruptcy

As previously mentioned, the Bondyopadhyays' original complaint sets out two allegations. First, the Bondyopadhyays contend that their obligation to repay their home equity loan was extinguished by their bankruptcy filings because "Chapter 7 Bankruptcy law, upon conclusion of the process, voids a contract and allows a fresh start." (Dkt. 1 at pp. 5–7, 9–14). In one of their filings, the Bondyopadhyays ask that "the Federal Bankruptcy record" be "admitted into evidence[.]" (Dkt. 26 at p. 2).

The Court will not credit the Bondyopadhyays' statement about the effect of their bankruptcy filing. The statement is a bald legal conclusion that is not supported by any factual allegations. Moreover, judicially noticeable documents from the Bondyopadhyays' bankruptcy proceedings show that, beginning on December 22, 2009, foreclosures on the Bondyopadhyays' home equity loan were no longer barred by any bankruptcy stay. *See* Southern District of Texas bankruptcy case number 04-43576 at docket entry 42, pages 3–4 and docket entry 174, pages 1–2. Accordingly, the Bondyopadhyays' allegation that their bankruptcy filings permanently immunized them from foreclosure on their home equity loan is a legal conclusion that is directly contradicted by judicially noticeable documents from the Bondyopadhyays' own bankruptcy proceedings; and the Court is not bound to accept such an allegation as true. *See In re Davis*, 498 B.R. 64, 69 (Bankr. D.S.C. 2013) ("The allegation these filings constitute a violation of the automatic [bankruptcy] stay is a

legal conclusion that the Court need not accept as true. . . . Filing a document in another litigation only constitutes a violation of the automatic stay if the filing falls within one of the categories of acts proscribed by section 362(a)."); *see also Jones v. Alcoa, Inc.*, 339 F.3d 359, 363 & n.5 (5th Cir. 2003) ("The court will not accept conclusory allegations concerning the legal effect of the events plaintiff has set out if these allegations do not reasonably follow from his description of what happened, or if these allegations are contradicted by the description itself.") (brackets and quotation marks omitted); *Long v. Dearborn National Life Insurance Co.*, No. 21-20246, 2022 WL 797417, at *4 (5th Cir. Mar. 15, 2022) ("Long's conclusory allegation that Dearborn improperly denied his benefits is insufficient to survive dismissal because it is contradicted by the documents attached to his Complaint.").

The Bondyopadhyays' allegation that their bankruptcy filings "voided" their home equity loan does not state a claim on which relief can be granted.

    ii.  <u>The judicial foreclosure action</u>

Second, the Bondyopadhyays contend that the Texas state court judge who granted summary judgment for The Bank of New York Mellon in the 2019 judicial foreclosure case violated their due process rights under the United States Constitution. (Dkt. 1 at pp. 5–7, 15–19). The factual basis for this contention is muddy, but the Bondyopadhyays seem to be arguing that the Texas state court judge violated their due process rights by granting summary judgment for The Bank of New York Mellon before the close of discovery. (Dkt. 1 at pp. 15–19).

The Bondyopadhyays have not stated a due process claim. To begin with, it is not at all clear why the Bondyopadhyays think that the Texas state court judge's ruling creates a cause of action against these three defendants. "Private attorneys . . . are generally not state actors" and, accordingly, generally cannot be held liable for violations of Constitutional rights unless they conspired with a state official. *Uresti v. Reyes*, 506 Fed. App'x 328, 329 (5th Cir. 2013). The Bondyopadhyays have not alleged facts establishing that any of the defendants colluded with the Texas state court judge.

Moreover, whatever the basis for it, the Bondyopadhyays' due process claim fails because they did not appeal the Texas state court judge's ruling. "The [Bondyopadhyays] cannot forgo procedures and remedies available to correct a state procedural error, and then belatedly claim they were denied due process because of that error." *Burciaga v. Deutsche Bank National Trust Co.*, 871 F.3d 380, 390 (5th Cir. 2017); *see also Able v. Bacarisse*, 131 F.3d 1141, 1143 n.1 (5th Cir. 1998) ("[T]he District Clerk's policy does not deprive Appellant of the statutory right to an appeal without due process. Rather, Appellant deprived himself of the right to appeal by failing to avail himself of the alternatives suggested by the District Clerk or those available under the Texas Rules of Appellate Procedure."); *Rathjen v. Litchfield*, 878 F.2d 836, 839–40 (5th Cir. 1989) ("[N]o denial of procedural due process occurs where a person has failed to utilize the state procedures available to him."). Accordingly, the Bondyopadhyays' allegation that the Texas state court judge who granted summary judgment for The Bank of New York Mellon in the 2019 judicial foreclosure case violated their due process rights under the United States Constitution does not state a claim on which relief can be granted.

9 / 11

### iii. Improper securitization and fraud

Finally, in later pleadings, the Bondyopadhyays vaguely allege that their loan was "stolen" through improper securitization and that the foreclosure sale of their home was effectuated through "fraudulent paperwork[.]" (Dkt. 30 at pp. 1–2; Dkt. 43 at pp. 1–2). The Bondyopadhyays ask the Court to "determin[e] the beneficiary owner" of the asset-backed security into which their loan was pooled in order to "verify" that "the security instrument . . . is a stolen property[.]" (Dkt. 43 at p. 2).

These allegations fail to state a claim on which relief can be granted. To the extent that the Bondyopadhyays are asserting a cause of action for fraud, their pleadings fail to set forth who said what to whom, when they said it, where they said it, why they said it, or why it was false. *See Sullivan*, 600 F.3d at 551 ("To plead fraud adequately, the plaintiff must specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.") (quotation marks omitted). And to the extent that the Bondyopadhyays are asserting that the securitization of their loan had some effect on their payment obligations, the theory that improper securitization of a mortgage renders a subsequent assignment of that mortgage invalid "has been resoundingly rejected by federal courts across the country." *Berry v. Wells Fargo Bank, N.A.*, No. 20-30670, 2022 WL 728969, at *5 (5th Cir. Mar. 10, 2022) (quotation marks omitted). Moreover, and more fundamentally, the Bondyopadhyays have not stated any facts showing that they failed to make their required loan payments because their loan was securitized or because they were somehow misled by Defendants.

Accordingly, the Bondyopadhyays' claims of fraud and improper securitization of their loan do not state a claim on which relief can be granted.

The Court will grant Defendants' motions to dismiss.

## CONCLUSION

Plaintiffs' motion seeking leave to supplement their pleadings in response to Defendants' motions (Dkt. 64) is **GRANTED**. Defendants' motions to dismiss (Dkt. 35; Dkt. 38) are **GRANTED**. Plaintiffs' claims are **DISMISSED WITH PREJUDICE**, and any other pending motions are **DENIED AS MOOT**.

The Court will enter a separate final judgment.

SIGNED at Houston, Texas on June 29, 2023.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE